UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCHA ROBYN WALLEN, et al., | ) |
| | ) |
| Plaintiffs, | ) Cause No.:  4:15-cv-1432-HEA |
| | ) |
| vs. | ) |
| | ) |
| ST. LOUIS METROPOLITAN TAXICAB COMMISSION, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MTC AND DEFENDANT COMMISSIONERS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, A JUDGMENT ON THE PLEADINGS**

COMES NOW Defendants Metropolitan Taxicab Commission of Metropolitan St. Louis (known herein as "Defendant MTC"), and the following individually named Commissioners Eyasu Asfaw, Louis P. Hamilton, Dave McNutt, and Basil Rudawsky (known jointly herein as "Defendant Commissioners") (Defendant MTC and Defendant Commissioners will be referred to jointly, when possible, as "these Defendants"), by and through counsel, and move this Court, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, to dismiss the above-captioned case or, in the alternative, for a judgment on the pleadings in favor of these Defendants pursuant to Rule 12(c) of the Federal Rule of Civil Procedure because **Plaintiffs have failed to state a claim upon which relief can be granted**.  In support of their joint motion, these Defendants state as follows:

1. On September 18, 2015, Plaintiffs' Verified Complaint for Injunctive and Other Relief ("Plaintiffs' Complaint") was filed with this Court.

2. Plaintiffs Complaint alleges that both Defendant MTC and Defendant Commissioners are in violation of the Sherman Act. (*Plaintiffs' Complaint, Count I*)

1

3. On September 18, 2015, this Court also heard and denied Plaintiffs' Motion for a Temporary Restraining filed along with Plaintiffs' Complaint. (*Court Opinion, Memorandum and Order dated September 18, 2015*)

4. Defendant MTC is a Regional Taxicab District duly organized and existing under the statutory authority granted to it in RSMo. Section 67.1800 through RSMo. Section 67.1822. (*Plaintiffs' Complaint ¶ 18*)

5. Defendant Commissioners are appointed members of the Defendant MTC. (*Plaintiffs' Complaint ¶¶ 19, 20, 23, and 25*)

6. Defendant Commissioners were appointed to the Commission in accordance with the statutory procedures contained in RSMo. Section 67.1806, which requires four (4) members of Defendant MTC to be representatives active in the taxicab industry, four (4) members at large, and one (1) chairperson. (*Plaintiffs' Complaint ¶¶ 38-40, 42-4, 47 and 48*)

7. RSMo. Section 67.1810.1(4) expressly provides that Defendant MTC may "[m]ake decisions by affirmative vote of the majority of the commission; provided that each of the commissioners, including the chairperson, shall be entitled to one vote on each matter presented for vote and provided further that at least two city appointees and two county appointees, excluding the chairperson, must be included in each majority vote of the commission. (*Plaintiffs' Complaint ¶ 52; RSMo. Section 67.1810.1(4)*).

8. The essence of the Plaintiffs' claims is that these Defendants are in violation of the Sherman Act for engaging in anticompetitive conduct, as summarized below:

    a. Requiring Uber drivers to receive MTC licenses and vehicle permits;

    b. Limiting the number of available permits;

    c. Enacting regulations that require Plaintiffs to comply with new and existing taxicab regulations that "do not work with" Uber's business model;

    d. Enacting regulations that require companies like Uber to obtain certificates of convenience;

    e. "Conspiring" to restrict Uber's entry into the market outside of St. Louis;

    f. Enjoining Lyft, Uber's competitor, from operating in Defendant MTC's district;

    g. Secret rule drafting; and

    h. Failing to hold a meeting in August of 2015. (*Plaintiffs' Complaint ¶ 52*)

9. Plaintiffs' claims that these Defendants unlawfully engaged in anticompetitive conduct or behaviors that caused damage to Plaintiffs is without merit because said conduct is expressly authorized by the State of Missouri.

10. Plaintiffs' prayer for relief requests that this Court do the following:

    a. Grant injunctive relief;

    b. Restructure the composition of the MTC; and

    c. Treble damages, attorney's fees and cost. (*Plaintiff's Complaint, pp. 40-1*)

11. This Court cannot award Plaintiffs the requested relief because:

    a. This Court already denied Plaintiffs' request for temporary and preliminary injunctive relief;

    b. This Court has no power to revise a Missouri statute in order to unilaterally change the composition of Defendant MTC;

    c. These Defendants are shielded from liability under the Sherman Act due to the application of Parker Immunity.

12. These Defendants are a statutorily authorized governmental entity and political subdivision of the State of Missouri acting pursuant to its authority contained in the above-cited enabling act, §67.1800, et seq. which empowers said Defendants to:

3

    a.    Enact a taxicab code §67.1812;

    b.    Have "… authority over the provision of licensing, control and regulations of taxicab services within the district" §67.1804; and

    c.    "License, supervise, and regulate any person to engages in the business of transporting passengers in commerce… The powers granted to the regional taxicab commission under this subsection shall apply to the motor vehicles described in this subsection and to the persons owning or operating those vehicles:

        1. Whether or not the vehicles are equipped with a taxi meter or use a taxi meter; and
        2. Whether the vehicles are operated by a for hire carrier of passengers or by a private motor carrier of passengers not for hire of compensation." §67.1809.1

    d.    Consist of a nine (9) member Commission, of which only four (4) Commission members are active in the taxicab industry. §67.1804

13. Federal Courts hold that so long as a governmental entity is acting to effectuate a state policy that expressly includes an anticompetitive regulatory scheme and the control over said entity is not in the hands of industry participant board of commission members, then said entity is entitled to Parker Immunity.

14. Here Plaintiffs' Complaint does not state a claim upon which relief may be granted to overcome these Defendants' right to immunity under the Parker analysis because:

    a. Plaintiffs' put forth no facts or evidence that Defendant MTC was not effectuating state policy contained in its enabling legislation;

    b. Plaintiffs put forth no facts or evidence that Defendant MTC acted outside the scope of its State granted authority;

    c. As a matter of law, the members of Defendant MTC that are active in the taxicab industry are not a decision-making majority; and

    d.  As a matter of law, any alleged conspiracy by Defendant Commissioners is irrelevant to the Parker Immunity analysis.

15. Under Rule 12(b)(6), this case must be dismissed because the Plaintiffs' Complaint is not sufficient to state a claim under the Sherman Act due to the application of Parker Immunity.

16. Or, in the alternative, these Defendants are entitled to a judgment on the pleadings under Rule 12(c) for the same reasons articulated herein.

17. Attached is Defendant's Memorandum of Law in support of this Motion.

WHEREFORE, Defendants Metropolitan Taxicab Commission of Metropolitan St. Louis, Eyasu Asfaw, Louis P. Hamilton, Dave McNutt, and Basil Rudawsky ask that this Court dismiss Plaintiffs' Complaint or, in the alternative, grant them judgment on the pleadings, and for such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
1735 South Big Bend Boulevard
St. Louis, Missouri 63117
(314) 646-0066
(314) 646-0065-facsimile

/s/ Charles H. Billings
Charles H. Billings, #26789
1735 South Big Bend Boulevard
St. Louis, Missouri 63117
(314) 646-0066
(314) 646-0065-facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2015 the foregoing Motion to Dismiss, was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Neil J. Bruntrager