UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARCHA ROBYN WALLEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.:  4:15-cv-1432-HEA |
| | ) | |
| vs. | ) | |
| | ) | |
| ST. LOUIS METROPOLITAN TAXICAB | ) | |
| COMMISSION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MTC AND COMMISSONER DEFENDANTS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (Doc. #74) OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendants Metropolitan Taxicab Commission of Metropolitan St. Louis ("MTC"), and the following individually named Commissioners Eyasu Asfaw, Louis P. Hamilton, Dave McNutt, and Basil Rudawsky ( "Commissioner Defendants") (MTC and the Commissioners Defendants will be referred to jointly, when possible, as "these Defendants"), by and through counsel, and  move this Court, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, to dismiss the Amended Complaint (Doc. # 74) in above-captioned case or, in the alternative, for a judgment on the pleadings in favor of these Defendants pursuant to Rule 12(c) of the Federal Rule of Civil Procedure because Plaintiffs have failed to state a claim upon which relief can be granted.  In support of their joint motion, these Defendants state as follows:

1. On or about October 6, 2016, Plaintiffs filed their Amended Complaint. Doc. # 74.

2. This Court has previously denied Plaintiffs temporary injunctive relief. Doc. # 14.

3. The Amended Complaint alleges that both MTC and the Commissioner Defendants are in violation of the Sherman Act. *(Doc. 74, Count I)*.

4.  MTC is a Regional Taxicab District duly organized and existing under the statutory authority granted to it in RSMo. Section 67.1800 through RSMo. Section 67.1822.[1] (Amended Complaint ¶ 30).

5.  The Commissioner Defendants were or are appointed voting members of MTC. (Amended Complaint ¶¶ 21, 22, 25 and 27).  Commission Defendant Hamilton's term of office expired in December 2015. (Amended Complaint, ¶ 21).

6.  Pursuant Section 67.1806, the MTC has nine Commissioners: eight members and a voting chairperson. The Commissioner Defendants were appointed to the Commission in accordance with the statutory procedures contained in Section 67.1806, which provides for four (4) members of Defendant MTC to be representatives active in the taxicab industry, four (4) to be members at large, and one (1) chairperson.  (Amended Complaint ¶¶ 40-42, 43-45, 51).

7.  Section 67.1806 expressly prohibits any of the last five mentioned remaining five MTC Commissioners from being representatives of the taxicab industry.  Section 67.1806.2 provides in part that:  "The remaining five commission members shall be designated "at large" and shall *not* be a representative of the taxicab industry or be the spouse of any such person nor be an individual who has a direct material or financial interest in such industry." (emphasis supplied)

8.  Section 67.1810.1(4) expressly provides that Defendant MTC may "[m]ake decisions by affirmative vote of the majority of the commission; provided that each of the commissioners, including the chairperson, shall be entitled to one vote on each matter presented for vote and provided further that at least two city appointees and two county appointees, excluding the

---

[1] Except as otherwise indicated all statutory references are to the Revised Statutes of Missouri. RSMo.

chairperson, must be included in each majority vote of the commission. (Amended Complaint ¶ 53; RSMo. Section 67.1810.1(4)).

9. The essence of the Plaintiffs' claims is that these Defendants are in violation of the Sherman Act for engaging in anticompetitive conduct. (Amended *Complaint ¶ 120)*

10. Plaintiffs' claims that these Defendants unlawfully engaged in anticompetitive conduct or behaviors that caused damage to Plaintiffs is without merit because said conduct is expressly authorized by the State of Missouri.

11. These Defendants are a statutorily authorized governmental entity and political subdivision of the State of Missouri (and its voting members) acting pursuant to authority contained in the above-cited authorizing and enabling act, §67.1800, et seq. which empowers said Defendants to, *inter alia*:

    a.    Enact a taxicab code §67.1812;

    b.    Have "… primary authority over the provision of licensing, control and regulations of taxicab services within the district" §67.1804; and

    c.    "License, supervise, and regulate any person to engages in the business of transporting passengers in commerce… The powers granted to the regional taxicab commission under this subsection shall apply to the motor vehicles described in this subsection and to the persons owning or operating those vehicles:

        1. Whether or not the vehicles are equipped with a taxi meter or use a taxi meter; and
        2. Whether the vehicles are operated by a for hire carrier of passengers or by a private motor carrier of passengers not for hire of compensation." §67.1809.1

    d.    Consist of a nine (9) member Commission, of which only four (4) Commission members are active in the taxicab industry. §67.1804

3

  e. Adopt a taxicab code for St. Louis City and St. Louis County that effectively preempts the ordinances of both St. Louis and St. Louis County. Section 67.1816.

  f. The commission shall study and take into account rate and fee structures as well as the number of existing taxicab licenses within the district in considering new applications for such licenses. Section 67.1818.

  g. "All licensing, regulations, inspections, inspections of taxicabs, and enforcement of the taxicab code shall rest exclusively with the regional taxicab commission." Section 67.1816 (1).

12. Plaintiffs' prayer for relief requests that this Court do the following:

 a. Grant injunctive relief;

 b. Require a restructuring the composition of the MTC;

 c. Grant declaratory relief that as of July 1, 2011, and actions of MTC were invalid and any future actions of MTC, until at least July 1, 2012 will be invalid

 d. Treble damages, attorney's fees and cost.

(Amended *Complaint, pp. 48-49.)*

13. The Amended Complaint fails to state a claim upon which relief can be granted as to these Defendants because:

 a. The Court has no power to revise a Missouri statute in order to unilaterally change the composition of Defendant MTC;

 b. These Defendants are immune from injunctive relief and all other relief under the Sherman Act due to the application of *Parker* state action immunity. *Parker v. Brown,* 317 U.S. 341 (1943).

 c. Regardless of whether these Defendants are immune from injunctive and all other relief under *Parker* state action immunity, these Defendants are immune from any

        award of damages, treble damages, interest or fees under the Local Government Antitrust Act of 1984 ("LGGA"), 15 U.S.C. §§ 34-36.

    d.  Plaintiffs' Count II claim for declaratory relief fails to state a claim upon which relief can be granted as to these Defendants because under a proper construction of Section 67.1802 and Section 1.100.2, construed together, MTC continued as a matter of law to lawfully exist and have lawful authority to act at all times after July 1, 2011 regardless of whether the population of St. Louis County fell below one million in the 2010 census because St. Louis County did have a population in excess of one million at the time the General Assembly enacted the statute that created the MTC in 2002.

14.   In the alternative, these Defendants are entitled to a judgment on the pleadings under Rule 12(c) for the same reasons articulated herein.

15.   These Defendants file herewith a Memorandum of Law in support of this Motion, further setting forth the reasons why the Amended Complaint should be dismissed, which is incorporated in this Motion by reference, as if fully set forth herein.

    WHEREFORE, Defendants Metropolitan Taxicab Commission of Metropolitan St. Louis, Eyasu Asfaw, Louis P. Hamilton, Dave McNutt, and Basil Rudawsky ask that this Court dismiss Plaintiffs' Amended Complaint (Doc. # 74) or, in the alternative, grant them judgment on the pleadings, and for such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
225 S. Meramec, Suite 1200
St. Louis, Missouri 63105
(314) 646-0066
(314) 646-0065-facsimile

/s/ Charles H. Billings
Charles H. Billings, #26789
225 S. Meramec, Suite 1200
St. Louis, Missouri 63105
(314) 646-0066
(314) 646-0065-facsimile

Attorneys for Defendants MTC, Asfaw, Hamilton, McNutt and Rudawsky

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2016 the foregoing Motion to Dismiss, was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Neil J. Bruntrager